UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JULIUS GREENOGE,<br><br>　　　　　　　Defendant. | Case No. 21CR1115-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SET BAIL, OR FOR TEMPORARY RELEASE<br><br>(Doc. No. 30.) |

　　　Pending before the Court is Defendant Julius Greenoge's ("Defendant") motion to revoke the Magistrate Judge's detention order. (Doc. No. 30.) Magistrate Judge Andrew G. Schopler granted the Government's motion to detain the Defendant based on risk of flight and based on danger to the community. (Doc. No. 14.) The Defendant now moves this Court to revoke the Magistrate Judge's detention order and set bail, or alternatively, temporarily release the Defendant. The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 32.) The Court has also received and reviewed the Pretrial Services Officer's Bail Report. This Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain a defendant without deference to the magistrate judge's ultimate

conclusion. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA"), Title 18 U.S.C. § 3142, requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). The Defendant is charged in an indictment with one count of being a felon in possession of a firearm in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). If convicted, the Defendant faces a possible maximum imprisonment term of 10 years.

The Government bears the burden of showing by a preponderance of the evidence that a defendant poses a flight risk. Id at 1406. While a finding that a defendant is a danger to any other person or the community must be supported by clear and convincing

evidence. United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

The following factors weigh in favor of setting bail: (1) the Defendant is a citizen of the United States; (2) the Defendant has ties to the community and no ties to any foreign country; and (3) the Defendant has strong family support. The Court considers the following factors to be neutral: (1) the Defendant's mental health condition including depression which is being address by prescribed medication and, other than a prior suicide attempt five years ago, no current suicidal attempts; and (2) the Defendant's employment history which has been affected by the COVID-19 pandemic. The following factors weigh in favor of detention based on risk of flight: (1) the Defendant has a history of using illicit drugs, including methamphetamine; (2) the Defendant has significant criminal history which include but are not limited to felony drug offenses, attempting to escape from prison; preventing or dissuading a witness or victim, making fictitious checks, destroying and concealing evidence; identify theft, and firearm offenses; (3) the Defendant has failed to appear for court proceedings on prior occasions; (4) the Defendant has a history of non-compliance while on supervision including numerous probation violations; (5) the Defendant has a history of committing crimes while on supervision; (6) the Defendant if facing a substantial penalty if convicted due to the nature of the offense and because the Defendant has a significant criminal history; and (7) the evidence that the Defendant committed the instant offense is strong but the Court gives this factor the least weight.

The numerous factors weighing in favor of detention based on risk of flight outweigh the few factors weighing in favor of setting bail. The Defendant has numerous

prior failures to appear for court proceedings which is concerning to the Court and directly addresses whether he is a risk of flight. United States v. Santos-Flores, 794 F.3d 1088, 1092 (9th Cir. 2015) ("Consideration of a defendant's record concerning appearance at court proceedings and other past conduct is proper under [the BRA,] 18 U.S.C. § 3142(g)(3)(A)."); See also United States v. Bennett, No. CR 08-441-RE, 2009 WL 3061999, at *4 (D. Or. Sept. 21, 2009) (Redden, J.) ("[F]ind[ing] that no condition or combination of conditions will reasonably assure the appearance of defendant due to… defendant's multiple supervision failures, including at least three instances in which defendant failed to appear as required[.]"). Additionally, the Defendant has numerous probation violations which leaves the Court with little confidence that the Defendant will comply with the terms and conditions of bail and appear for court proceedings when ordered. See United States v. Wero, No. CR09-8056-PCT-DGC, 2009 WL 1797853, at *3 (D. Ariz. June 24, 2009) (Campbell, J.) ("[T[he Court is concerned that a defendant who so routinely disregards court orders… will fail to appear in a matter where he might face a significant prison sentence.").

      The Court notes that the Defendant's ties to the community and family support were not enough to dissuade the Defendant from failing to appear for prior court appearances and from violating the terms and conditions of his probation. At this juncture, the Court has no reason to believe that the Defendant's community ties and family support would alleviate the Defendant's risk of flight. Therefore, the Court concludes that the Government has met its burden of proving by a preponderance of the evidence that the Defendant is a flight risk and orders the Defendant detained based solely on risk of flight. Cf. United States v. Twine, 344 F.3d 987 (9th Cir. 2003) (Holding that the Bail Reform Act does not authorize pretrial detention without bail based solely on a finding of dangerousness.). Furthermore, the Court declines to order the Defendant detained based on danger to the community in light of the Ninth Circuit's holding in Twine. Id. at 988 ("[W]e hold that 18 U.S.C. § 922(g)-felon in possession of a firearm-is not a crime of violence for purposes of the Bail Reform Act.").

The Defendant argues that his continued detention infringes on his Sixth Amendment right to prepare for and participate in his own defense, due to the distance between San Diego, CA (where defense counsel resides) and his housing facility in San Luis, AZ. The Court disagrees. Traveling additional hours to meet with an in-custody client may be inconvenient to defense counsel but such a scenario does not rise to the level of infringing on a defendant's Sixth Amendment right. Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616, 75 L. Ed. 2d 610 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."); See also Mann v. Reynolds, 46 F.3d 1055, 1060 (10th Cir. 1995) ("[T]he Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel."); United States v. Otunyo, No. CR 18-251 (BAH), 2020 WL 2065041, at *9 (D.D.C. Apr. 28, 2020) (Howell, C.J.) ("[T]he current limitations on defendant's ability to communicate with counsel do not justify release."). Furthermore, Magistrate Judge Schopler's order requires the Attorney General to afford the Defendant "a reasonable opportunity for private consultation with defense counsel." (Doc. No. 14 at 3.) There is nothing in the record to suggest that the Defendant was ever denied the opportunity for private consultation with his counsel.

Alternatively, the Defendant argues that he should be temporarily released under Title 18 U.S.C. 3142(i).[1] "A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." United States v. Knight, 452 F. Supp. 3d 938, 946 (D. Nev. 2020) (Du, C.J.). Defense counsel's main issue is that the number of hours needed to drive from San Diego, CA to San Luis, AZ limits the time defense counsel and the Defendant can spend together working on this case involving

---

[1] 18 U.S.C. § 3142(i) provides:
> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

voluminous discovery and multiple related cases. Although releasing the Defendant temporarily may be easier for the preparation of the Defendant' defense, it is not necessary. See United States v. Keeton, 457 F. Supp. 3d 855, 860 (E.D. Cal. 2020) (Mueller, C.J.), aff'd, No. 20-10162, 2020 WL 4805479 (9th Cir. June 17, 2020) ("Courts have routinely rejected temporary release under § 3142(i) for preparation of a defense alone."); See also United States v. Leake, No. 19-CR-194 (KBJ), 2020 WL 1905150, at *4 (D.D.C. Apr. 17, 2020) (Jackson, J.) ("[I]f every pretrial detainee is entitled to temporary release under that statute 'just because it would aid a defendant's ability to work with counsel,' then 'the exception in section 3142(i) would swallow all detention orders.'") (quoting United States v. Villegas, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020)). Accordingly, the Court declines to temporarily release the Defendant under § 3142(i) and on Sixth Amendment grounds, and concludes that no compelling reasons exists to grant temporary release.

      The Defendant's cursory invocation of the Fifth and Eighth Amendments as grounds to grant release on bail or temporary release are unpersuasive. See generally United States v. Salerno, 481 U.S. 739, 748, 107 S. Ct. 2095, 2102-2104, 95 L. Ed. 2d 697 (1987) ("We conclude, therefore, that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause" and "[w]e think that the Act survives a challenge founded upon the Eighth Amendment."); See also United States v. Torres, 995 F.3d 695, 698, 709 (9th Cir. 2021) (Holding that the district court's findings regarding detention under the BRA "support the conclusion that the Bail Reform Act factors weigh strongly against a due process violation."); United States v. Lee, No. 2:17-CR-0030-KJM, 2020 WL 2084812, at *4 (E.D. Cal. Apr. 30, 2020) (Mueller, C.J.) ("While the court readily agrees that 'the Eighth Amendment requires [jails and prisons] to take adequate steps to curb the spread of disease within the prison system,' defendant here has not met his burden of showing his Eighth Amendment rights are violated such that release, as opposed to some other remedy, is warranted" under the BRA.) (citing

Coleman v. Newsom, No. 01-CV-01351-JST, 2020 WL 1675775, at *5 (E.D. Cal. Apr. 4, 2020)).

The Defendant also argues that his history of asthma and the renewed surge of COVID-19 cases are bases to grant bail under the BRA. The Court is cognizant of the current pandemic surrounding COVID-19. However, "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 447 F. Supp. 3d 399, 402 (D. Md. 2020) (Grimm, J.); Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) ("[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."); See also United States v. Lee, 451 F. Supp. 3d 1, 10 (D.D.C. 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]"). In light of the wide availability of the COVID-19 vaccines and its proven effectiveness in preventing severe disease, the Court concludes that the Defendant's history of asthma and the renewed surge of COVID-19 cases, and his concern over contracting COVID-19 are not sufficient bases to grant release on bail or temporary release under the BRA. See United States v. Hall, No. 206CR00310HDMPAL, 2021 WL 1239804, at *2 (D. Nev. Apr. 2, 2021), reconsideration denied, No. 206CR00310HDMPAL, 2021 WL 2211682 (D. Nev. June 1, 2021) (McKibben, J.) ("While the vaccines may not offer complete protection against COVID-19 and its many variants, it is believed they protect against the most severe outcomes of a COVID-19 infection and offer significant protections against contracting the virus in the first place."). Additionally, there is no evidence in the record to suggest that the detention facility where the Defendant is being housed is unable to provide adequate medical care. See United States v. Brown, No. 15-CR-60-A, 2016 WL 3546026, at *2 (W.D.N.Y. Apr. 22, 2016) (Arcara, J.) ("[T]he Defendant points to no evidence suggesting that he needs to be released [under the BRA] to receive adequate

medical treatment.").

After *de novo* review of the current record before the Court and upon considering the factors set forth under the BRA, the Court finds by a preponderance of the evidence that the Defendant is a flight risk and finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant. Accordingly, the Court DENIES the Defendant's motion to set bail, DENIES the Defendant's motion for temporary release, and orders the Defendant detained based on risk of flight.

IT IS SO ORDERED.

DATED: August 30, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE